# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JEAN HUGHES,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Operations of Social Security,<br><br>    Defendant. | Case No. CV 17-03544-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Lisa Jean Hughes ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II. PROCEEDINGS BELOW

On March 28, 2013, Plaintiff applied for DIB alleging disability beginning January 15, 2013. (Administrative Record ("AR") 54, 67.) Her application was denied initially on August 16, 2013, and upon reconsideration on January 3, 2014. (AR 87, 94.) Plaintiff filed a written request for hearing, and a hearing was held on

September 14, 2015. (AR 33, 100.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 35-53.) On October 9, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] from March 28, 2013 through December 31, 2014, the date last insured ("DLI"). (AR 25-26.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on May 10, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity from January 15, 2013, her alleged onset date ("AOD"), through the DLI. (AR 16.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: multi-level degenerative disc disease of the cervical spine with C5-C6 foraminal stenosis; mild degenerative changes at L4-L5; and history of retinal vasculitis currently resolved. (*Id*.) At **step three**, the ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 19.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [P]erform light work . . . , as the claimant is able to lift and carry twenty pounds occasionally and ten pounds frequently; is able to stand or walk up to six hours in an eight-hour workday; and is able to sit for up to six hours in an eight-hour workday. However, the claimant can only occasionally climb ladders. The claimant can only frequently

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> balance and crawl. The claimant has no limitations with climbing stairs, stooping, kneeling, and crouching. The claimant must avoid working at heights or operating hazardous machinery. The claimant can adapt to predictable changes in a work setting.

(AR 19-20.)

At **step four**, the ALJ found that Plaintiff was capable of performing past relevant work as a service scheduler and as an accounting clerk, and thus the ALJ did not continue to step five. (AR 24.) Accordingly, the ALJ determined that Plaintiff had not been under a disability from the AOD through the DLI. (AR 25-26.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ properly considered the opinion of treating neurosurgeon Moustapha Abou-Samra, M.D. (Joint Stipulation ("JS") 4.) For the reasons below, the Court agrees with Plaintiff and remands.

### A. The ALJ Did Not Properly Reject the Opinion of Plaintiff's Treating Physician

Plaintiff contends that the ALJ erred in rejecting Dr. Abou-Samra's opinion solely for being an improper opinion on the issue of disability. (*See* JS 11-12.) The Commissioner contends that the ALJ provided sufficient reasons to reject Dr. Abou-Samra's statements. (*See* JS 15.)

#### 1. Applicable Legal Standard

Courts give varying degrees of deference to medical opinions based on the provider: (1) treating physicians who examine and treat; (2) examining physicians who examine, but do not treat; and (3) non-examining physicians who do not examine or treat. *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009). Most often, the opinion of a treating physician is given greater weight than the opinion of a non-treating physician, and the opinion of an examining physician is given greater weight than the opinion of a non-examining physician. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

///

The ALJ must provide "clear and convincing" reasons to reject the ultimate conclusions of a treating or examining physician. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Lester*, 81 F.3d at 830-31. When a treating or examining physician's opinion is contradicted by another opinion, the ALJ may reject it only by providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 633; *Lester*, 81 F.3d at 830; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (citation omitted).

**2. Discussion**

In assessing Plaintiff's limitations and RFC, the ALJ gave little weight to Dr. Abou-Samra's opinions, finding that Dr. Abou-Samra "makes only generalized statements and conclusions, but does not specify the claimant's abilities." (AR 23-24.) The ALJ noted Dr. Abou-Samra's January 2014 statement that Plaintiff was unlikely to be able to work at her usual job sitting at a desk and dealing with computers, and Dr. Abou-Samra's conclusion that Plaintiff was totally disabled for the time being. (AR 23; *see* AR 850-51.) The ALJ also noted that in April 2014, Dr. Abou-Samra indicated that Plaintiff "for now is totally and temporarily disabled." (AR 23; *see* AR 567.) The ALJ acknowledged that the opinion of a treating physician is generally entitled to great weight. (AR 23.) However, the ALJ stated that statements that a claimant is "disabled," "unable to work," or cannot perform a past job are dispositive administrative findings, not medical opinions. (AR 23.)

Physicians may provide clinical medical opinions, "or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work." *Reddick*, 157 F.3d at 725. Although the determination of a claimant's

ultimate disability is reserved to the Commissioner, *see* 20 CFR § 404.1527(e)(1), the ALJ must give specific and legitimate reasons supported by substantial evidence in the record to reject a treating physician's opinion that Plaintiff cannot work. *See McAllister v. Sullivan*, 888 F.2d 599, 602-03 (9th Cir. 1989) (finding remand warranted where an ALJ failed to give specific and legitimate reasons for disregarding treating physician's testimony that claimant was "fully disabled for employment"). "In sum, reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion." *Reddick*, 157 F.3d at 725.

Here, the ALJ found that Dr. Abou-Samra made only "generalized statements and conclusions" and failed to specify Plaintiff's abilities. (AR 23-24.) The Commissioner also notes that, "importantly," Dr. Abou-Samra did not provide limitations concerning Plaintiff's ability to perform work activities. (JS 15.) However, for claims filed before March 27, 2017, medical opinions are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 CFR § 404.1527(a)(1). Statements regarding a claimant's restrictions and what she can do despite her impairments are listed as *types* of statements that "reflect judgments about the nature and severity of [a claimant's] impairment(s)," but they are not mandated by the express language of 20 CFR § 404.1527(a)(1). *See Parvon v. Colvin*, No. CV 15-00110 ACK-BMK, 2016 WL 1047992, at *10 (D. Haw. Mar. 11, 2016) ("Defendant provides no case law in support of the contention that medical opinions must contain a description of 'what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions.' Nor has the Court been able to locate any supporting case law. Indeed, the Court notes that the regulations simply state that medical opinions may *include* statements regarding a

claimant's limitations or restrictions." (citation omitted)).

Dr. Abou-Samra's statements reflected judgments about the nature and severity of Plaintiff's impairments, including Plaintiff's symptoms (AR 846 (intense neck, bilateral shoulder, and arm pain); 850 ("left side trapezius and shoulder pain are getting worse")), Plaintiff's diagnosis and prognosis (AR 848 (Plaintiff's vasculitis "is still quite symptomatic"); AR 853 (diagnosing degenerative cervical abnormalities)), and Plaintiff's restrictions (AR 851 (unlikely that she is able to sit at a desk)). Accordingly, the Court finds that Dr. Abou-Samra provided a proper medical opinion with respect to these records. *See Boardman v. Astrue*, 286 F. App'x 397, 399 (9th Cir. 2008) (finding that a physician "clearly expressed a medical opinion" when he described a claimant's symptoms, gave a prognosis, and described restrictions); *Parvon*, 2016 WL 1047992, at *10 (finding that an examining physician's statement on the nature and severity of impairments, symptoms, diagnosis and prognosis, and mental restrictions constituted a medical opinion).

The ALJ referenced some of Dr. Abou-Samra's opinions about Plaintiff's need for surgery, but she did not discuss the full extent of Dr. Abou-Samra's opinions, nor did she assign them any weight or give specific reasons for rejecting them. (AR 23.) Although Dr. Abou-Samra's opinion was seemingly contradicted by a state agency medical consultant's opinion—which the ALJ found to be consistent and well supported by the record (AR 24)—the ALJ was required to set forth specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Abou-Samra's opinions. "The decision of an ALJ fails this test when the ALJ completely ignores or neglects to mention a treating physician's medical opinion that is relevant to the medical evidence being discussed." *Lingenfelter*, 504 F.3d at 1045; *see Garrison*, 759 F.3d at 1012-13 ("Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." (internal citation omitted));

*Marsh v. Colvin*, 792 F.3d 1170, 1171-72 (9th Cir. 2015) (finding that an ALJ erred by not mentioning a treating provider's opinion that communicated a diagnosis, subjective symptoms, and observations about the claimant's abilities).

The Court finds that the ALJ failed to provide legally sufficient reasons to reject the opinions and statements provided by Dr. Abou-Samra. Additionally, because the ALJ's decision completely ignores some of Dr. Abou-Samra's opinions, the Court cannot determine whether the ALJ considered them or how they may have factored into the overall analysis. The Court therefore is unable to determine whether the error was harmless. *See Buchanan v. Colvin*, 636 F. App'x 414, 415-16 (9th Cir. 2016) (remanding when the Court could not determine how three doctors' opinions may have factored into the ALJ's analysis because the ALJ's decision was "completely silent" about those opinions).

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: May 14, 2018

/s/
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**